UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNELL LEE JACKSON,

    Plaintiff,                                    CIVIL ACTION NO. 08-14350

    v.                                          DISTRICT JUDGE DAVID M. LAWSON
                                              MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as substantial evidence exists on the record that claimant remains capable of performing a limited range of sedentary work.

\* \* \*

Plaintiff filed an application for Social Security Supplemental Security Income (SSI) benefits on April 24, 2006, alleging that he had become disabled and unable to work on April 1, 1998[1], at age 30, due a back pain and mental depression. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on April 17, 2008, via teleconference, before Administrative Law Judge (ALJ) Paul Armstrong. Plaintiff appeared in Detroit, Michigan, and the ALJ presided over the hearing from Chicago, Illinois. Following the hearing, the ALJ found that the claimant was not entitled to SSI benefits because he retained the ability to perform simple, unskilled sedentary work. The ALJ restricted Plaintiff from jobs involving more than minimal contact with supervisors, co-workers or the general public. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for

---

[1] Plaintiff acknowledged the he continued to work until April 24, 2006 (TR 117). This suggests that April 24, 2006, is his proper onset date of disability.

judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 39 years old at the time of the administrative hearing[2] (TR 20). He had a ninth grade education, and had no past relevant work history (TR 20, 25). Plaintiff testified that he was unable to work due to severe back and hip pain (TR 28). The pain prevented him from sitting, standing or walking for prolonged periods (TR 22). The claimant allegedly needed a cane to help him walk (TR 29). Monthly injections of medications directly into his spine allegedly failed to relieve the back discomfort (TR 30). Plaintiff also experienced periodic mental depression, and he had been prescribed the drug Paxil to help alleviate his depressed mood (TR 30).

A Vocational Expert, Michael Hammersma, testified that there were numerous unskilled assembly, packaging and inspection jobs that Plaintiff could perform (TR 41-42). These jobs did not necessitate working with the general public or maintaining close contact with supervisors or co-workers. These low-stress jobs did not require performing complex tasks. They allowed periodic breaks, and did not impose high production demands (TR 41).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of mental depression[3], but that his impairment was not severe enough to meet the Listing of Impairments.

---

[2] The Commissioner chose not to print the administrative record, which included the testimony of the claimant and the Vocational Expert at the hearing before the ALJ. The transcript from the hearing, as well as the medical exhibits considered by the
ALJ, were electronically filed and are available for review online on the district court's website. (See Docket #4, Answer to Complaint).

[3] The ALJ noted that a cancerous tumor had been surgically removed from claimant's hip in April 2006. Since the tumor has not recurred, the ALJ found that the history of cancer would not interfere with claimant's ability to return to work.

The ALJ recognized that the claimant's mental impairment precluded him from performing complex tasks, and from frequent contact with the general public, supervisors and/or co-workers. Nonetheless, the ALJ found that Plaintiff retained the residual functional capacity to perform a reduced range of sedentary unskilled work, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains that his joint pain and mental disorder have prevented him from returning to work. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the

impairment prevents him from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2008).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for simple, unskilled sedentary work. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from his back pain and/or depressive disorder.

Plaintiff maintains that the ALJ erred by not finding his his back/hip pain to be a severe impairment. All that is required for a favorable ruling at step two of the sequential evaluation process is that a claimant establish at least one severe impairment. 20 C.F.R. 404.1520(a)(4)(ii) (2008). Even if the evidence shows that a particular impairment was mistakenly found to be not severe, reversal or remand of the Law Judge's decision is not required. Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 244 (6th Cir. 1987)(failure of [Commissioner] to find an impairment was severe was not reversible error because he found that claimant had other severe impairments).

Contrary to Plaintiff's assertion, the issue is not whether the ALJ properly labeled his impairments as severe or non-severe, but whether the Law Judge adequately included all functional limitations from those impairments into his residual functional capacity (RFC) evaluation. In the instant case, the claimant has failed to point to any medical opinion, or other evidence, demonstrating additional work-related limitations caused by those conditions and allegedly ignored by the Law Judge.

Following an evaluation in September 2007, Dr. Wook Kim, a treating physician, reported that an EMG failed to show evidence of radiculopathy or polyneuropathy (TR 511). Dr. Tosan Fregene, another treating source, noted in February 2008, an absence of spinal or neural foraminal stenosis (TR 217). While the claimant testified that he used a cane to walk, Dr. Fregene never mentioned in his report that the cane was medically required (TR 33, 217). Even though claimant was prescribed Vicodin, a strong pain medication, doctors may have wanted to relieve the discomfort caused by the removal of the cancerous tumor from his hip. In any event, Plaintiff's treating doctors did not impose limitations greater than those included by the ALJ in his RFC.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to his depression. As pointed out by the ALJ, the claimant has never been hospitalized for longer than a day, nor has he received aggressive treatment for the condition (TR 20). Moreover, a mental status evaluation by Dr. L. Imasa in May 2006, indicated that Plaintiff spontaneously responded to questions, and that he remained attentive and coherent throughout the interview (TR 390). The claimant reportedly told his doctors that the drug Paxil helped calm him down (TR 469). A state agency reviewing psychiatrist, Dr. Zahra Yousuf, indicated that Plaintiff could perform simple, unskilled tasks on a sustained basis (TR 442).

The ALJ included significant mental limitations in his residual functional capacity finding. The Law Judge recognized that the claimant was unable to understand, remember and carry out complex, detailed instructions. Consequently, he limited Plaintiff to jobs that involved simple, routine work. Furthermore, the Law Judge found that the claimant should avoid work activity that involved more than occasional interaction with supervisors, the general public and co-workers.

The Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by his depression. There is no merit to Plaintiff's argument that the ALJ should have included a limitation that he had marked limitations in carrying out complex instructions and making judgments on complex work-related decisions. Unskilled work, by definition, is limited to tasks requiring understanding, remembering and carrying out simple instructions and requiring little, if any, judgment.  20 C.F.R. 404.1568(a) (2008). Under these circumstances, the ALJ's hypothetical questions accurately portrayed Plaintiff's impairment.  The Vocational Expert was aware of claimant's mental limitations before he identified the types of jobs that the Plaintiff could still perform[4] (TR 41-42).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577

---

[4] Moreover, any interpretation that would require vocational experts to evaluate the effect of medical conditions would be inconsistent with the purpose that vocational experts serve under social security regulations. Under those regulations, the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an "assessment of [his] residual functional capacity." 20 C.F.R. § 416.920(a)(4)(iv) (2008),  The vocational expert testifies on the basis of a claimant's "residual functional capacity and ... age, education, and work experience" and assesses whether the claimant "can make an adjustment to other work." 20 C.F.R. § 416.920(a)(4)(v) (2008). The vocational expert's testimony is directed solely to whether, given a claimant's age, experience, and education, along with the ALJ's assessment of what he "can and cannot do," there exist a significant number of employment opportunities for him in the regional and national economies. The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise.

**6**

F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

Since Plaintiff did not have a past relevant work history, he effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform jobs existing in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled assembly, packaging and inspection jobs that Plaintiff could perform (TR 41-42). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United

States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                s/Donald A. Scheer
                                DONALD A. SCHEER
                                UNITED STATES MAGISTRATE JUDGE

DATED: May 19, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on May 19, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 19, 2009: **None.**

                                s/Michael E. Lang
                                Deputy Clerk to
                                Magistrate Judge Donald A. Scheer
                                (313) 234-5217