UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNELL LEE JACKSON,

        Plaintiff,                      Case Number 08-14350
                                                      Honorable David M. Lawson
v.                                                  Magistrate Judge Donald A. Scheer

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND AFFIRMING THE FINDINGS OF THE COMMISSIONER</u>**

The plaintiff filed the present action on October 14, 2008 seeking review of the Commissioner's decision denying his application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Donald A. Scheer pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award him benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Scheer filed a report on May 19, 2009 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation, and the defendant filed a timely response. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's responses thereto and has made a *de novo* review of the administrative record

in light of the parties' submissions. In his objections, the plaintiff seems to concede that that substantial evidence supports the Administrative Law Judge's (ALJ) determination that the plaintiff was not disabled. However, the plaintiff challenges the magistrate judge's conclusion that the ALJ's determination that his back and hip pain was not a "severe" impairment. He argues in his objections, as he did in his motion for summary judgment, that by discounting the plaintiff's conditions of S1 joint disorder, back pain, radicular pain, and stenosis in relationship to his lumbar spine as non-severe, disregarding the plaintiff's need to use a cane and the side effects of his prescription medications, not affording sufficient deference to the plaintiff's treating physicians, and failing to consider all enumerated impairments together, the ALJ failed to carry out his duties to investigate the pertinent facts and make a decision supported by substantial evidence.

The plaintiff applied for SSI on April 24, 2006, when he was thirty-seven years old. He has a ninth grade education, and has been periodically employed in a variety of temporary factory jobs involving manual labor. The plaintiff last worked on June 1, 2003, although he alleges that he had become disabled on April 1, 1998 when he was first diagnosed with Ewing's sarcoma in the right buttock. The plaintiff underwent several surgeries to remove the cancerous tumors, and he now alleges that the ensuing back pain and depression made it impossible for him to work. The plaintiff currently resides with a relative in the relative's house, and purportedly engages only in some limited sedentary activities.

The plaintiff's application for SSI benefits was denied initially. The plaintiff made a timely request for an administrative hearing. On April 17, 2008, he appeared at the hearing via video conference before ALJ Paul R. Armstrong. ALJ Armstrong filed a decision on July 11, 2008 in which he found the plaintiff was not disabled. The ALJ reached that conclusion by applying the


five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920(a)(4). The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since April 24, 2006, the application date (step one). The ALJ further concluded that the plaintiff's dermatofibrosarcoma in his hip, excised as of April 2006 without recurrence, and depression qualify as "severe" impairments within the meaning of the Social Security Act; however, the ALJ concluded that the plaintiff's back problems did not appear to interfere with the claimant's ability to engage in basic work activities and thus are not considered "severe" within the meaning of the Social Security Act (step two). The ALJ found that none of these impairments alone or in combination met or equaled a listing in the regulations (step three), and that the plaintiff has no past relevant work (step four). The ALJ next concluded that the claimant has the residual capacity to perform simple, unskilled sedentary work with several limitations, and that there are significant number of jobs in the national economy that fit within the plaintiff's limitations including assembler, hand packer, or inspector. Based on that finding and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 204.00 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on September 22, 2008.

The Court has conducted a *de novo* review of the entire record and the materials submitted by the parties. The Court cannot find a flaw in the magistrate judge's analysis and must conclude that he properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit. First, the plaintiff's argument that the non-severity finding concerning the plaintiff's back pain affected the outcome in this case ignores the fact that other impairments were found to be

severe. As the magistrate judge observed, reversal is not warranted, and the issue is governed by *Maziarz v. Sec'y of Helath & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Second, the suggestion that the failure to find severe the back pain affected the step three analysis is unpersuasive because the evidence establishes that the elements of Listing 1.04 (disorders of the spine) have not been met. Third, the suggestion that the plaintiff's use of a cane disqualifies him from sedentary employment ignores the discussion of the evidence and lack of medical determination that a cane is required, and his assertion that an unnamed consultative physician supports his view of the evidence lacks specificity. Fourth, the argument that treating physicians' opinions were disregarded improperly is not fortified by a single reference to an opinion that is contrary to the ALJ's residual functional capacity determination.

The Court agrees with the reasoning and conclusions of the magistrate judge.

Accordingly, it is **ORDERED** that the plaintiff's objections [dkt. #11] are **OVERRULED**, and the magistrate judge's report and recommendation [dkt # 10] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 6] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 9] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated:   July 26, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 26, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL